IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SOLOMON DUKES, JR. ) | CIVIL NO. 2:99-1129-18 |
| ) | CRIMINAL NO. 2:94-589 |
| Petitioner, ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

On August 20, 2004, Petitioner ("Dukes") filed another in a long line of motions, petitions, appeals and other various and sundry other pleadings in his attempt to invalidate his conviction and sentence. In his latest attempt, Dukes requests relief pursuant to Rules 60(b)(4), (5) and (6). The Government filed its opposition and filed a Motion to Dismiss on January 7, 2005. A Roseboro order was filed on January 31, 2005. Dukes filed his Opposition to the Government's Motion on February 8, 2005. Thus it appears that this matter is ripe for resolution.

## BACKGROUND

As noted above, this case has a long and tortuous history which includes a jury trial, appeal, and numerous motions and decisions. The litigation spans a period of more than a decade, during which Dukes has been represented at different times by five attorneys.

1

The genesis of this case arose on July 12, 1994, when Solomon Dukes, along with 17 other defendants, was charged in a 35 count Indictment with seven counts alleging conspiracy to distribute controlled substances, possession with intent to distribute cocaine and crack cocaine, engaging in a monetary transaction in criminally derived property, and money laundering. After an eight-day trial, a jury convicted Dukes of four of the seven counts. He was acquitted of two counts of possession of crack cocaine with intent to distribute and one count of money laundering.

After Dukes' conviction, a United States Probation Officer prepared a presentence investigation report to which his attorney objected. After sentencing hearings on October 2, 1995, and November 2, 1995, Dukes was sentenced to life imprisonment as a result of a Base Offense Level of 38, and upward adjustments including ones for obstruction of justice and for his role as an organizer or leader.

Dukes hired another lawyer and timely appealed his convictions and sentences. On April 21, 1998, the Fourth Circuit Court of Appeals affirmed. United States v. Dukes, 1998 WL 188634 (4th Cir. April 21, 1998).

On April 19, 1999, Dukes, through yet another attorney, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in which he raised five grounds for relief. He thereafter amended his motion and raised additional grounds. This court dismissed his petition and granted summary judgment to the Government. Dukes then filed a Motion for Reconsideration. Thereafter, this court remanded Dukes' case to a Magistrate Judge for reconsideration of the entire record and

for a ruling on a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). In his 32-page Report and Recommendation, filed on August 12, 2002, the United States Magistrate Judge recommended that the court grant summary judgment to the Government and found that the rule announced in Apprendi did not apply retroactively. Dukes filed objections to the Report, and this court thereafter conducted a de novo review of the record and determined that the Magistrate Judge's Report and Recommendation accurately summarized the case and the applicable law. The court filed an opinion granting summary judgment in favor of the Government on September 13, 2002. On September 24, 2002, Dukes filed his Notice of Appeal. On May 19th, 2003 the Fourth Circuit dismissed his appeal and on August 7, 2003 the Fourth Circuit denied a Certificate of Appealability.

As noted above, Dukes filed the instant motion on August 20, 2004.

## ANALYSIS

In reality, Dukes' Motion is not pursuant to Rule 60(b). Instead, it is an effort to file a second and untimely motion pursuant to 28 U.S.C. § 2255. The portions of Rule 60 cited by Dukes allow a party to obtain relief from a final judgment if:

> (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it was based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the application of the judgment.

Fed. R. Civ. Pro. 60(b). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent

with due process of law." Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992) (quoting 11 Wright and Miller, Federal Practice and Procedure, Civil § 2862 at 198-200 (1973)). It is beyond cavil that this court had jurisdiction of Dukes' case. In addition, subsection (5) clearly does not apply to Dukes' case. The remaining question is there "another reason justifying relief from the application of the judgment" that could possibly satisfy subsection (6). The answer is a resounding "no."

The Fourth Circuit has held "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (quoting United States v. Calderon 523 U.S. 538, 553 (1998)). A district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a motion pursuant to 28 U.S.C. § 2255 if the motion, once properly classified, would be barred from review. Id.

The Winestock court noted that there is no infallible test for distinguishing between a Rule 60(b) motion and a collateral attack, but offered guidance regarding how to do so. The opinion set forth that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" and that "a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications" Id. at 207. The panel further stated that "new legal arguments or proffers of additional evidence will

4

usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Id.

Dukes' Motion attacks his convictions and sentences by asserting a new allegation of constitutional error based on the Supreme Court's recent decision in Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004).

It is clear that all of Dukes' arguments are tied to Blakely. In fact, he states on page 4 of the Motion that "[t]he simple matter surrounding Petitioner's instant pleading is all summed up within the decision in Blakely v. Washington." Because Dukes' Motion, styled as one submitted pursuant to Fed. R. Civ. P. 60(b), directly attacks his convictions and sentence rather than any alleged defect in the collateral review process, it amounts to a second motion under § 2255 that this court lacks jurisdiction to consider for the following reasons.

Since the proper vehicle for the relief Dukes' requests is a motion pursuant to 28 U.S.C. § 2255, his present motion is barred from review by the one-year statute of limitations. For the purpose of starting the clock on the one-year limitation period for filing a § 2255 petition, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The judgment of the Fourth Circuit Court of Appeals affirming Dukes' conviction and sentence was entered on or about April 21, 1998. The time for submitting a petition for a writ of certiorari expired 90 days after entry of that judgment. Id. Under Clay, his one-year limitation

period began on or about July 20, 1998, since Dukes has shown no reason why any of the other subsections should apply. Therefore his current motion is time-barred.

Dukes' Motion is also a successive filing for relief under § 2255. Therefore, this court must either dismiss the motion for lack of jurisdiction or transfer it to the Fourth Circuit in order for it to perform its gatekeeping function. As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255 bars a second or successive filing unless a panel of the appropriate appellate court has certified that the motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Dukes' motion does not come close to satisfying either of the listed requirements, thus requiring this court to grant the Government's Motion to Dismiss.

THEREFORE, the Government's Motion to Dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

                                                  s/David C. Norton
                                                  DAVID C. NORTON
                                                  United States District Judge

May 3, 2005
Charleston, South Carolina